**NOT FOR PUBLICATION**

FILED

MAR 01 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CROWN CHEVROLET, a California Corporation,<br><br>                Plaintiff - Appellant,<br><br>v.<br><br>GENERAL MOTORS, LLC, a Delaware limited liability company; ALLY FINANCIAL INC., a Delaware corporation as the successor-in-interest to GMAC Inc., GMAC Financial Services LLC, GMAC LLC and General Motors Acceptance Corporation; RANDY PARKER; JAMES GENTRY; KEVIN WRATE,<br><br>                Defendants - Appellees. | No. 14-15317<br><br>D.C. No. 3:13-cv-01362-TEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TASHIMA and W. FLETCHER, Circuit Judges and GETTLEMAN,[**] Senior District Judge.

Plaintiff Crown Chevrolet appeals the district court's dismissal of its complaint as barred by the statute of limitations. We affirm.

A Racketeer Influenced and Corrupt Organizations Act ("RICO") claim is subject to a four year-statute of limitations that begins to run when "a plaintiff knows or should know of the injury that underlies his cause of action." *Pincay v. Andrews*, 238 F.3d 1106, 1108-09 (9th Cir. 2001); *see also Rotella v. Wood*, 528 U.S. 549, 553-55 (2000). For Crown's February 2013 complaint to be timely, the injury underlying its cause of action must have occurred on or after February 2009. The district court correctly found that Crown experienced two injuries before February 2009 — the Fall 2008 sales of Crown's two dealerships, and Dosanjh's November 2008 default on his obligations under the side agreements. These were the injuries underlying Crown's RICO claim, and Crown knew about them. Crown knew that it had sold its dealerships and that Dosanjh had breached the side agreements. Crown's claims began to accrue in late 2008, and its February 2013 complaint was therefore untimely.

It does not matter that Crown did not know that "it was being *forced* to sell . . . because of wrongful financial pressure." The Supreme Court has rejected the

[**] The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

argument that the RICO statute of limitations begins to run only when a claimant discovers *both* an injury and the racketeering activity. *Rotella*, 528 U.S. at 554-55; *see also Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) ("The plaintiff need not discover that the injury is part of a 'pattern of racketeering' for the period to begin to run.").

Crown concedes that the statute of limitations for its Unfair Competition Law ("UCL") claim is tied to the limitations period for its RICO claim. Because Crown's RICO claim is barred by the statute of limitations, the district court did not err in dismissing the UCL claim as well. *See Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 878 (Cal. 2013).

**AFFIRMED.**